Exhibit A

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| | | COUNTY: Norfolk |

| | |
|---|---|
| **Plaintiff:** Willis Padon | **Defendant:** Winebrenner Transfer Inc. |
| ADDRESS: | ADDRESS: |
| 4 Phyllis Drive | 15109 National Pike |
| Randolph, MA 02368 | Hagerstown, MD 21740 |
| **Plaintiff:** Karen Padon | **Defendant:** Mark Kolos |
| ADDRESS: | ADDRESS: |
| 4 Phyllis Drive | 110 Carib Street |
| Randolph, MA 02368 | Martinsburg, WV 25405 |
| **Plaintiff Attorney:** William J. Raymond | **Defendant Attorney:** |
| ADDRESS: KECHES LAW GROUP, P.C. | ADDRESS: |
| 2 Lakeshore Center, 3rd Floor | |
| Bridgewater, MA 02324 | |
| BBO: 631435 | BBO: |

**TYPE OF ACTION AND TRACK DESIGNATION** (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B04 | Motor Vehicle Negligence - Personal Injury | F | ☒ YES   ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?   ☐ YES  ☒ NO

Is there a class action under Mass. R. Civ. P. 23?   ☐ YES  ☒ NO

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date
   1. Total hospital expenses ............................................................. $40,000.00
   2. Total doctor expenses ............................................................... $25,000.00
   3. Total chiropractic expenses ......................................................
   4. Total physical therapy expenses ...............................................
   5. Total other expenses (describe below) .....................................

   Subtotal (1-5): $65,000.00

B. Documented lost wages and compensation to date ........................ $100,000.00
C. Documented property damages to date .....................................
D. Reasonably anticipated future medical and hospital expenses ...... unknown
E. Reasonably anticipated lost wages ........................................... unknown
F. Other documented items of damages (describe below) ...............

TOTAL (A-F): $165,000.00

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Plaintiff fell off a truck. Suffered multiple compression spinal fractures and a brain bleed, requiring surgical intervention, extensive hospitalization and therapy.

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1 | | |
| | Total | |

| Signature of Attorney/Unrepresented Plaintiff: X _[signature]_ | Date: 2/22/22 |
|---|---|

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney/Unrepresented Plaintiff: X _[signature]_ | Date: 2/22/22 |
|---|---|

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss                                         SUPERIOR COURT
                                                    CIVIL ACTION NO.

WILLIS PADON                          )
and KAREN PADON                       )
       Plaintiff,                     )
                                      )
v.                                    )
                                      )
WINEBRENNER TRANSFER INC. and         )
MARK KOLOS                            )
       Defendants                     )
                                      )

## COMPLAINT AND JURY DEMAND

1. The Plaintiff, Willis Padon is an individual residing at 4 Phyllis Drive, Randolph, Massachusetts.

2. The Plaintiff, Karen Padon is an individual residing at 4 Phyllis Drive, Randolph, Massachusetts.

3. The Defendant, Winebrenner Transfer Inc is a foreign corporation with a principal place of business of 15109 National Pike, Hagerstown, MD. The address of the registered agent Gary Weiner is, 1441 Main St., Suite 610, Springfield, Massachusetts.

4. The Defendant, Mark Kolos is an individual with the last known address of 119 Carib Street, Martinsburg, West Virginia.

5. Jurisdiction over the Defendants Mark Kolos and Winebrenner Transfer Inc. is proper pursuant to M.G.L. c. 223A, §3 because:
   a. The Defendant's transacting business in the Commonwealth of Massachusetts;
   b. The Defendant's contracting to supply services or things in the Commonwealth of Massachusetts;
   c. The Defendant's causing tortious injury by an act or omission in the Commonwealth of Massachusetts; and/or,
   d. The Defendant's causing tortious injury in the Commonwealth of Massachusetts by an act or omission outside this Commonwealth while regularly doing or soliciting business, or engaging in any other persistent course of conduct or deriving substantial revenue from goods used or services rendered in the Commonwealth of Massachusetts, as set forth in Massachusetts General Laws, Chapter 223A, Section

6. Venue is proper under G.L. c. 223, § 1.

7. On February 15, 2021, Plaintiff, Willis Padon was working while under the scope of his employment for Lansing Building Products at 615 University Avenue, Norwood, MA.

8. Defendant Mark Kolos, was operating a delivery truck while under the scope of his employment for Winebrenner Transfer Inc.

9. On or about February 15th, 2021 and at all times material herein, Defendant Winebrenner Transfer Inc. was the owner of the motor vehicle being operated by Defendant Mark Kolos.

10. At all times material herein, Plaintiff Willis Padon was in the cargo area of the delivery truck driven by Defendant Mark Kolos and owned by Defendant Winebrenner Transfer Inc.

## COUNT I
### (Willis Padon v. Mark Kolos)

11. The Plaintiff, Willis Padon repeats and reavers the foregoing paragraphs as if alleged more fully herein.

12. At all times material herein, Defendant Mark Kolos had a duty to operate the vehicle in a reasonably safe manner.

13. Defendant Kolos breached this duty of reasonable care when he pulled away from the dock causing Plaintiff to fall.

14. As a direct and proximate result of Defendant Mark Kolos's negligence as alleged, the Plaintiff sustained severe personal injuries when he was caused to fall backwards off the truck.

15. As a direct and proximate result of the Defendant Mark Kolos's negligence as alleged, the Plaintiff was caused to incur and continues to incur medical bills, has lost and continues to lose time and income from his employment, has sustained and continues to sustain an impairment to his ability to enjoy life and attend to his usual activities.

16. At all times material herein the Plaintiff was in the exercise of due care and free of all comparative negligence.

17. The Plaintiff has satisfied all conditions precedent to the bringing of this cause of action.

WHEREFORE, the Plaintiff, Willis Padon claims and demands judgment against Defendant Mark Kolos in the amount of his damages together with costs, interests, and reasonable attorney's fees

## COUNT II
### (Karen Padon v. Mark Kolos)

18. The Plaintiff Karen Padon repeats and reavers the foregoing paragraphs as if alleged more fully herein.

19. As a direct and proximate result of the Defendant Mark Kolos's negligence as alleged, the Plaintiff, Karen Padon, was caused to suffer and continues to suffer the loss of her husband's consortium and society.

WHEREFORE, the Plaintiff, Karen Padon demands judgment against Defendant Mark Kolos in the amount of her damages together with costs, interests, and reasonable attorney's fees

## COUNT III
### (Willis Padon v. Winebrenner Transfer Inc.)

20. The Plaintiff, Willis Padon repeats and reavers the foregoing paragraphs as if alleged more fully herein.

21. Defendant Winebrenner Transfer Inc is legally responsible for negligent actions its employees commit while under the scope of employment.

22. At all times material herein, Defendant Winebrenner Transfer Inc had a duty for its employee to operate the vehicle in a reasonably safe manner.

23. Defendant Winebrenner Transfer Inc breached this duty of reasonable care when its employee pulled away from the dock causing Plaintiff to fall.

24. As a direct and proximate result of Defendant Winebrenner Transfer Inc's employee's negligence as alleged, the Plaintiff sustained severe personal injuries when he was caused to fall backwards off the truck.

25. As a direct and proximate result of the Defendant Winebrenner Transfer Inc s employee's negligence as alleged, the Plaintiff was caused to incur and continues to incur medical bills, has lost and continues to lose time and income from his employment, has sustained and continues to sustain an impairment to his ability to enjoy life and attend to his usual activities.

26. At all times material herein the Plaintiff was in the exercise of due care and free of all comparative negligence.

27. The Plaintiff has satisfied all conditions precedent to the bringing of this cause of action.

WHEREFORE, the Plaintiff, Willis Padon claims and demands judgment against Defendant Winebrenner Transfer Inc in the amount of his damages together with costs, interests, and reasonable attorney's fees

## COUNT IV
### (Willis Padon v. Winebrenner Transfer Inc.)

28. The Plaintiff, Willis Padon repeats and reavers the foregoing paragraphs as if alleged more fully herein.

29. At all times material herein, Defendant Mark Kolos was under the direction, supervision, and control of the Defendant Winebrenner Transfer Inc either directly or through its agents.

30. At all times material, the Defendant Winebrenner Transfer Inc had a duty to exercise reasonable care in hiring, training, supervising and/or continuing to employ Defendant Mark Kolos.

31. The Defendant Winebrenner Transfer Inc breached this duty by failing to exercise reasonable care in hiring, training, supervising and/or continuing to employ.

32. As a direct and proximate result of Defendant Winebrenner's negligence as alleged, the Plaintiff sustained severe personal injuries when he was caused to fall backwards off the truck.

33. As a direct and proximate result of the Defendant Winebrenner Transfer Inc's negligence as alleged, the Plaintiff was caused to incur and continues to incur medical bills, has lost and continues to lose time and income from his employment, has sustained and continues to sustain an impairment to his ability to enjoy life and attend to his usual activities.

34. At all times material herein the Plaintiff was in the exercise of due care and free of all comparative negligence.

WHEREFORE, the Plaintiff, Willis Padon claims and demands judgment against Winebrenner Transfer Inc. in the amount of his damages together with costs, interests, and reasonable attorney's fees.

## COUNT V
### (Karen Padon v. Winebrenner Transfer Inc)

35. The Plaintiff Karen Padon repeats and reavers the foregoing paragraphs as if alleged more fully herein.

36. As a direct and proximate result of the Defendant Winebrenner Transfer Inc's negligence as alleged, the Plaintiff, Karen Padon, was caused to suffer and continues to suffer the loss of her husband's consortium and society.

WHEREFORE, the Plaintiff, Karen Padon demands judgment against Defendant Winebrenner Transfer Inc in the amount of her damages together with costs, interests, and reasonable attorney's fees

THE PLAINTIFFS HEREBY CLAIMS AND DEMANDS A TRIAL BY JURY ON ALL CAUSES OF ACTION ASSERTED HEREIN.

The Plaintiff,
By Their Attorney,

*[signature]*

William J. Raymond
BBO# 703849
Claudine A. Cloutier
BBO# 631435
KECHES LAW GROUP, P.C.
2 Lakeshore Center, 3rd Floor
Bridgewater, MA 02324
(508) 822-2000
wraymond@kecheslaw.com